**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TRACY NEIL TRUELOVE,** | § | |
| **Petitioner,** | § | |
| | § | **3:16-CV-1114-D** |
| **v.** | § | **3:14-CR-0121-D** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Pursuant to a plea agreement, Petitioner pled guilty to being a felon in possession of a firearm. The Court sentenced Petitioner to 180 months in prison and five years of supervised release. For the foregoing reasons, the Court recommends that the petition be granted.

On April 25, 2016, Petitioner filed this petition to vacate, set-aside, or correct pursuant to 28 U.S.C. § 2255. He filed this motion based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act's ("ACCA's") definition of a "violent felony."

1

II.

Petitioner's sentence was enhanced under the ACCA. As stated in *Johnson*:

> Federal law forbids certain people – such as convicted felons, persons committed to mental institutions, and drug users – to ship, possess, and receive firearms.  § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment.  § 924(a)(2).  But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life.  § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136 (2010).  **The Act defines "violent felony" as follows:**
> **"any crime punishable by imprisonment for a term exceeding one year... that –**
>
> **"(I)    has as an element the use, attempted use, or threatened use of physical force**
>
> **against the person of another; or**
> **"(ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise***
> ***involves conduct that presents a serious potential risk of physical injury to***
> ***another.*" § 924(e)(2)(B) (emphasis added).**
>
> **The italicized section above has come to be know as the Act's residual clause.**

*Johnson*, 135 S.Ct. at 2555-56.

On June 13, 2016, the government filed its answer to the instant petition.  The government agrees that, after *Johnson*, Petitioner no longer has three convictions for violent felonies or serious drug offenses that qualify him for the enhanced statutory sentence under section 924(e)(1). The government states it therefore does not oppose Petitioner's request for relief from his ACCA sentence.  The government also requests that a new PSR be generated and that this case be set for a new sentencing hearing.

III.

The Court hereby recommends that the petition be granted and that Petitioner's

2

sentence be vacated.  The Court also recommends that a new PSR be generated and that a new sentencing hearing be set in the criminal case.

     Signed this 23rd day of June, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4